IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

CHRISTIN MICHELLE SALEM,                )
                                         )
        Plaintiff,                       )
                                         )
  -vs-                                   )  Civil Action No.  19-162
                                         )
ANDREW M. SAUL,[1]                       )
COMMISSIONER OF SOCIAL SECURITY,         )
                                         )
        Defendant.                       )

AMBROSE, Senior District Judge

## OPINION

Pending before the Court are Cross-Motions for Summary Judgment. (ECF Nos. 12 and 14). Both parties have filed Briefs in Support of their Motions. (ECF Nos. 13 and 15). After careful consideration of the submissions of the parties, and based on my Opinion set forth below, I am granting Plaintiff's Motion (ECF No. 12) and denying Defendant's Motion for Summary Judgment. (ECF No. 14).

## I. **BACKGROUND**

Plaintiff brought this action for review of the final decision of the Commissioner of Social Security denying her applications for disability insurance benefits and supplemental security income pursuant to the Social Security Act. Administrative Law Judge ("ALJ"), Jerry Faust, held a hearing on February 1, 2018. (ECF No. 8-2, pp. 29-62). On March 12, 2018, the ALJ found that Plaintiff was not disabled under the Act. (ECF No. 8-2, pp. 14-23).

After exhausting all administrative remedies thereafter, Plaintiff filed this action. The parties have filed Cross-Motions for Summary Judgment. (ECF Nos. 12 and 14). The issues are now ripe for review.

---

[1] Andrew M. Saul was sworn in as Commissioner of Social Security on June 18, 2019, replacing Acting Commissioner, Nancy A. Berryhill.

## II. LEGAL ANALYSIS

### A. Standard of Review

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See,* 5 U.S.C. §706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. §423(d)(1)(A); *Brewster v. Heckler,* 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. §404.1520(a). The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment,

2

whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P., appx. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity. 20 C.F.R. §404.1520. The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4). *Dobrowolsky*, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5). *Id.*

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. *Podedworny v. Harris,* 745 F.2d 210, 221 (3d Cir. 1984).

### B.    Weighing of Opinion Evidence

Plaintiff argues that the ALJ failed to properly evaluate the medical opinion evidence of record.[2]  (ECF No. 13, pp. 3-20). The amount of weight accorded to medical opinions is well-established. Generally, the ALJ will give more weight to the opinion of a source who has examined the claimant than to a non-examining source. 20 C.F.R. § 416.927(c)(1). In addition, the ALJ generally will give more weight to opinions from a treating physician, "since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of [a claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations." *Id.* §416.927(c)(2).

---

[2] Plaintiff's arguments regarding the weighing of opinion evidence are limited to the mental opinion evidence.  (ECF No. 13).   Therefore, my discussion regarding the opinion evidence is focused accordingly.

3

The opinion of a treating physician need not be viewed uncritically, however. Rather, only where an ALJ finds that "a treating source's opinion on the issue(s) of the nature and severity of [a claimant's] impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence [of] record," must he give that opinion controlling weight. *Id.* "[T]he more consistent an opinion is with the record as a whole, the more weight [the ALJ generally] will give to that opinion." *Id.* § 416.927(c)(4).

If the ALJ finds that "a treating source's opinion on the issue(s) of the nature and severity of [a claimant's] impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence [of] record," he must give that opinion controlling weight. *Id.* Also, "the more consistent an opinion is with the record as a whole, the more weight [the ALJ generally] will give to that opinion." *Id.* §416.927(c)(4).

In the event of conflicting medical evidence, the Court of Appeals for the Third Circuit has explained:

> "A cardinal principle guiding disability determinations is that the ALJ accord treating physicians' reports great weight, especially 'when their opinions reflect expert judgment based on continuing observation of the patient's condition over a prolonged period of time.'" *Morales v. Apfel*, 225 F.3d 310, 317 (3d Cir. 2000) (*quoting Plummer v. Apfel*, 186 F.3d 422, 429 (3d Cir. 1999)). However, "where . . . the opinion of a treating physician conflicts with that of a non-treating, non-examining physician, the ALJ may choose whom to credit" and may reject the treating physician's assessment if such rejection is based on contradictory medical evidence. *Id.* Similarly, under 20 C.F.R. § 416.927(d)(2), the opinion of a treating physician is to be given controlling weight only when it is well-supported by medical evidence and is consistent with other evidence in the record.

*Becker v. Comm'r of Social Sec. Admin.*, No. 10-2517, 2010 WL 5078238, at *5 (3d Cir. Dec. 14, 2010). Although the ALJ may choose whom to credit when faced with a conflict, he "cannot reject evidence for no reason or for the wrong reason." *Diaz v. Comm'r of Soc. Security*, 577 F.3d 500, 505 (3d Cir. 2009).

4

In this case, Plaintiff specifically argues that the ALJ "failed to provide 'good/specific/supported' reasons for rejecting the opinions of the treating and examining sources." (ECF No. 13, pp. 7-20). While the ALJ need only discuss the most pertinent, relevant evidence bearing upon a claimant's disability status, he must provide sufficient discussion to allow the court to determine whether any rejection of potentially pertinent, relevant evidence was proper. *Johnson v. Comm'r of SS,* 529 F.3d 198, 203-04 (3d Cir. 2008). To that end, an ALJ must provide sufficient explanation of his or her final determination to provide a reviewing court with the benefit of the factual basis underlying the ultimate disability finding. *Cotter v. Harris*, 642 F.2d 700, 705 (3d Cir. 1981). "'In the absence of such an indication, the reviewing court cannot tell if significant probative evidence was not credited or simply ignored.'" *Burnett v. Comm'r of SS,* 220 F.3d 112, 121-22 (3d Cir. 2000)*, quoting Cotter v. Harris,* 642 F.2d 700, 705 (3d Cir. 1981); *Fargnoli v. Massanari,* 247 F.3d 34, 44 (3d Cir. 2001). An ALJ's findings should be as "comprehensive and analytical as feasible," so that the reviewing court may properly exercise its duties under 42 U.S.C. §405(g). *Cotter,* 642 F.2d at 705.

I find the ALJ failed to meet this standard. Specifically, with regard to Dr. Kang, Plaintiff's treating psychiatrist, the ALJ rejected his opinion of extreme and marked limitations in several areas of functioning because it was "not supported by the weight of the psychological exam notes, discussed above." (ECF No. 8-2, p 21). The reason for rejecting this portion of Dr. Kang's opinion is not borne out in the record. Notably, there is only one paragraph summarizing hundreds of pages of psychological exam notes of record. (ECF No. 8-2, p. 20). This is very troubling. In that single paragraph, the ALJ cherry picks a few notations mischaracterizing the evidence. *Id.* I find this is an incomplete description of the examination records. *Id.* The failure by the ALJ to acknowledge and discuss all of the probative and relevant medical evidence

5

prohibits me from conducting a proper and meaningful review. Therefore, I cannot find that the ALJ's opinion is based on substantial evidence.

With regard to Dr. Pacella, a psychological consultative examiner, the ALJ rejected his opinion that Plaintiff has marked limitation in interacting with others and responding appropriately to changes in the work setting because it is inconsistent with his exam notes "in which he said the claimant related appropriately, had normal speech, and was able to cooperate with testing." (ECF No. 8-2, p. 21). After a review of the record, I again find this troubling as the inconsistency is not borne out by the record. *See,* ECF No. 8-20, pp. 29-32. Consistency is an important and valid factor to consider when weighing opinion evidence. However, simply because a person had normal speech, related appropriately and cooperated does not mean it is inconsistent with an opinion of how a plaintiff would interact in the work setting. Moreover, I find this type of cherry picking of a few words to mischaracterize the examination notes. *Id.* An ALJ must provide sufficient explanation of his or her final determination to provide a reviewing court with the benefit of the factual basis underlying the ultimate disability finding. *Cotter v. Harris*, 642 F.2d 700, 705 (3d Cir. 1981). The ALJ does not provide adequate scrutiny or explanation for his rejection of Dr. Pacella's opinions. Contrary to Defendant's position, further articulation was required. Without more from the ALJ in this case, I am unable to make a meaningful and proper review to determine if the ALJ's opinion is based on substantial evidence.

Consequently, remand is warranted. Therefore, I am remanding for full and proper analysis of the medical opinion evidence.

An appropriate order shall follow.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

CHRISTIN MICHELLE SALEM,)
)
        Plaintiff,)
)
  -vs-)    Civil Action No. 19-162
)
ANDREW M. SAUL,[3])
COMMISSIONER OF SOCIAL SECURITY,)
)
        Defendant.)

AMBROSE, Senior District Judge

## ORDER OF COURT

THEREFORE, this 13th day of February, 2020, it is ordered that Plaintiff's Motions for Summary Judgment (ECF No. 12) is granted and Defendant's Motion for Summary Judgment (ECF No. 14) is denied.

It is further ordered that the decision of the Commissioner of Social Security is hereby vacated and the case is remanded for further administrative proceedings consistent with the foregoing opinion.

BY THE COURT:

s/   Donetta W. Ambrose
Donetta W. Ambrose
United States Senior District Judge

---

[3] Andrew M. Saul was sworn in as Commissioner of Social Security on June 18, 2019, replacing Acting Commissioner, Nancy A. Berryhill.